```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

KAREN ANASTASIO                                    CIVIL ACTION

VERSUS                                             NUMBER: 07-9783

ST. TAMMANY PARISH SCHOOL BOARD                    SECTION: "N"(5)


### REPORT AND RECOMMENDATION

On January 8, 2008, plaintiff, through counsel, filed the above-captioned complaint for alleged employment discrimination against defendant, the St. Tammany Parish School Board. (Rec. doc. 1). At that time, one summons was issued and was forwarded to plaintiff's counsel for the purpose of effecting service on the named defendant in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (Rec. doc. 4).[1]/

In accordance with Local Rule 16.2E, after over four months had passed a review of the record revealed that no service return or waiver of service had been filed therein indicating that service had been made on the named defendant, the Court ordered plaintiff to show cause, on June 25, 2008 at 11:00 a.m., as to why her

---

[1]/ Plaintiff having been granted leave to proceed *in forma pauperis* in this matter (rec. docs. 2, 3-1), plaintiff's counsel was also advised that the U.S. Marshal was available to effect service on plaintiff's behalf as allowed by Rule 4(c)(3) upon being furnished the necessary forms and paperwork. (Rec. doc. 3-3).

lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 5).  A copy of the Court's order scheduling the rule to show cause was mailed to plaintiff'S counsel at his address of record and has not been returned as undeliverable.  Nevertheless, on June 25, 2008 at the designated time, no appearance was made on plaintiff's behalf.  It has now been nearly six months since this case was filed and proof of service is still absent from the record.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court- on motion or on its own initiative after notice to the plaintiff- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed by Rule 4(m) and its predecessor.  See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been nearly six months since this lawsuit was filed and proof of service on the named defendant is lacking. By

scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon her the need to prosecute her case.  Unfortunately, no appearance was made on plaintiff's behalf and no response to the show cause has been forthcoming.  As plaintiff is represented by counsel, these failures are attributable to him alone.  Accordingly, it will be recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute Pursuant to Rule 4(m), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  27th  day of     June     , 2008.

ALMA L. CHASEZ  
UNITED STATES MAGISTRATE JUDGE